IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

PAUL DONNELL TAYLOR  )
(#2014-0724284),      )
                      )
         Plaintiff,   )
                      )      Case No. 14 C 10517
    v.                )
                      )      Judge Manish S. Shah
                      )
CHRISTOPHER STARK, et al., )
                      )
         Defendants.  )

**ORDER**

Plaintiff's motion [23] is denied. This case remains closed.

**STATEMENT**

On 3/11/15, the Court dismissed Plaintiff's case pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with the Court's order of 1/23/15. [6]. Judgment was entered the same day. [7]. On 3/13/15, Plaintiff submitted a motion for an extension of time to file an amended complaint and proposed amended complaint. [9]. Although the case had already been dismissed, the Court reviewed the proposed amended complaint, but did not accept it because it did not cure the defects in the original complaint. [11]. Plaintiff submitted another proposed amended complaint, [12], a motion for an extension of time to file a notice of appeal, [13], a motion for reconsideration, [14], and two motions for appointment of counsel. [15, 16]. Later, it became apparent to the Court that Plaintiff had failed to fully disclose his litigation history at the time he filed the instant lawsuit. Accordingly, the Court sanctioned him by striking the documents at nos. 12-16 on the docket from the record.

On 9/21/15, Plaintiff filed a motion purportedly pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). For the reasons stated below, Plaintiff's motion is denied.

A motion filed under Rule 59(e) is one to alter or amend a judgment. Fed. R. Civ. P. 59(e). "A motion to alter or amend a judgment under Rule 59(e) may be granted to correct a manifest error of law or fact." *Duran v. Town of Cicero*, 653 F.3d 632, 642 (7th Cir. 2011), citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). On the other hand, Rule 60(b) permits the Court to relieve a party from

an order or judgment based on six enumerated grounds: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; the judgement is void; the judgment has been satisfied, released or discharged; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). A Rule 59(e) motion must be filed within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). A Rule 60(b) motion for relief from judgment must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1).

As an initial matter, Plaintiff's motion, to the extent it arises under Rule 59(e), is untimely. Judgment was entered on 3/11/15, and Plaintiff filed the instant motion nearly six months later on 9/21/15. Plaintiff does not indicate under which subsection of Rule 60(b) he seeks relief.

In any event, Plaintiff fails to offer any grounds under Rule 59(e) or 60(b) for which this Court could grant him the relief he seeks. Plaintiff does not contend that the Court committed a manifest error of law or fact in deciding to dismiss his complaint (or in later imposing sanctions for failing to disclose his litigation history). Similarly, his motion does not support reconsideration based on any of the enumerated grounds under Rule 60(b). Rather, Plaintiff asserts, as a generalized contention, that the Court erred by "not giving this case a chance." He provides no explanation as to how or in what way the Court allegedly erred in dismissing this case and/or in imposing sanctions upon determining that Plaintiff failed to disclose his litigation history at the time he filed suit. Rather, he simply maintains that the claims raised in his complaint are meritorious and that he has evidence to support them. He also asserts that he is "starting to pay[] [his] filing fee" and that "this should be [his] right to start [his] lawsuit." None of these reasons, however, are proper grounds for reconsideration under either 59(e) or 60(b). Plaintiff is essentially arguing with the Court's decision to dismiss the case without substantively considering the "merits" of it. However, mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal, which Plaintiff failed to do (and the time to do so has now passed). *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than a FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . .").

Moreover, as noted above, the Court dismissed this case pursuant to Fed. R. Civ. P. 41(b) because Plaintiff failed to comply with the Court's order of 1/23/15,

which instructed him to submit an amended complaint limited to a single core claim. Subsequently, Plaintiff submitted an amended complaint. Despite the fact that the case had already been dismissed, the Court reviewed the proposed amended complaint, but did not accept it because did not cure the defects in the original complaint. Then, in yet another attempt to revive the case, Plaintiff submitted a proposed amended complaint and various related documents. When it became apparent to the Court that Plaintiff had failed to fully disclose his litigation history at the time he filed the instant lawsuit, the Court sanctioned Plaintiff by striking the proposed amended complaint (and related documents).

Throughout Plaintiff's repeated attempts to revive this case, he has not and does not now provide any reason as to why he failed to comply with the Court's 1/23/15 order (which formed the basis of the 3/11/15 dismissal order), and/or why he failed to disclose his prior litigation history at the time he filed this lawsuit (which formed the basis of the Court's 8/18/15 sanctions order). Although it is not entirely clear, Plaintiff appears to be suggesting that although he has not complied with applicable rules and Court instructions, he should still be permitted to proceed with this case because he is proceeding without the assistance of counsel. The Court, however, cannot overlook Plaintiff's failure to comply with applicable rules and Court instructions simply because he is proceeding on a *pro se* basis. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (explaining that "pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines"). Moreover, and in any event, Plaintiff's position is rather dubious given that he is an experienced litigator who has been warned in the past about the implications of failing to fully and honestly disclose his litigation history, and, yet, he continues to engage in a practice of doing so.

Accordingly, Plaintiff's motion is denied. He has no further recourse in this Court. The case remains closed.

ENTER:

Date: 10/20/15

Manish S. Shah
U.S. District Judge

3